## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**FIFI MONIQUE GRAHAM,**

              **Plaintiff,**

**v.**

**HACKENSACK MERIDIAN HEALTH,
JFK MEDICAL CENTER**

              **Defendant.**

Civ. No. 20-11553 (KM) (ESK)

**OPINION & ORDER**

---

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Fifi Monique Graham, filed this action *pro se* against her former employer, Hackensack Meridian Health ("Hackensack Meridian") and JFK Medical Center. (Defendants do not deny employing Graham, but state that the actual employer was Hartwyck at Oak Tree ("Hartwyck"), a nursing care facility that is part of the Hackensack Meridian network.) Now before the Court is the defendants' motion to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (DE 8) Plaintiff has not filed a response to the motion. Neither, however, has she defaulted in her obligations to the court, and, granting the deference due to *pro se* pleadings, I find that she has sufficiently stated her claim(s). Believing that a relatively small amount of discovery would poise this matter for summary judgment, I will deny the motion to dismiss.

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6)

1

provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in the plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

Particularly applicable here is the principle that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972); *see Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) ("Courts are to construe complaints so as to do substantial justice . . . keeping in mind that *pro se* complaints in particular should be construed liberally." (citations omitted)).

Ms. Graham's complaint states that she worked for the defendants from January 2018 through August 25, 2018. It alleges the following facts:

> I got hurt on the job Aug. 25, 2018. That how I notice my pay stub then trying to get a medical clearance for surgery, then when I became aware not having any medical benefits. I been addressing it to the authority but get no response.
>
> I looking for assistant in my federal tax and medical bill to be paid because I was thinking from my pay stub the I had benefits. Therefore sick day vacation time wasn't paid out. I was in pain and [illegible]while suffering from their mistake. . . .

It alleges the following federal statutory claims:

> Violation of federal laws. No federal income tax withheld. Employee benefit deduction wasn't effect while being withheld.

Complaint (DE 1).

Defendants understandably have taken the complaint at face value, attempted to guess what causes of action are intended, and moved to dismiss them. Failure to make proper federal income tax deductions, they argue, does not give rise to a private cause of action; the nature of the denial of medical benefits for purposes of, *e.g.,* an ERISA claim, has not been specified; and the workplace injury, if it was caused by

2

negligence, would have a workers' compensation claim as its exclusive remedy. (DE 8-1)

Defendants' view of the potential causes of action was perhaps grudging, but admittedly some guesswork was required. Further filings have clarified the plaintiff's position somewhat.

In her Proposed Discovery Plan (DE 10), plaintiff states that she was "unaware" of the motion to dismiss and therefore did not respond. Describing her claims, she cites "Defendants' violation of laws Sec. 6672, 7202, N.J.S.A. 34.11, 29 U.S.C. 216.[1] The class action of Failure to withhold taxes, illegal payroll deduction, paycheck law, and Fair Labor Standard Act."

Later in the same document (DE 10) is another description of claims:

Plaintiff's description: Defendants did not withhold employment taxes  from  my paycheck. Defendants withheld deductions for medical benefits when I returned to work on January 15, 2018, but when I went to the emergency room in August 2018 I learned that I did not have coverage. I learned that the insurance company, Horizon Blue Cross and Blue Shield of New Jersey, provided coverage from only February 1, 2018 through March 1, 2018. In addition, my employment was terminated without notice and I was not paid vacation or sick time. I am seeking payment of medical bills, vacation, and sick time, and compensation for pain and suffering.

In short, the plaintiff seems to be alleging that when she was terminated she was owed vacation and sick time, which was not paid; that she was entitled to health coverage, for which the employer failed to make appropriate deductions, leaving her with medical bills and without coverage; and that the employer failed to properly deduct certain taxes from her paycheck.

These claims frankly are still lacking in specificity, and would be readily dismissed if submitted by counsel. What I am primarily interested in knowing

---

[1]     Section 6672 may refer to that section of Title 29, which governs the obligation to collect and pay over tax. 29 U.S.C. § 216 provides for, *inter alia,* a cause of action for certain violations of minimum wage and maximum hours standards. N.J. Stat. Ann. § 34:11 is the state Wage Payment Law.

is whether the plaintiff was in fact unfairly denied medical coverage and whether she was denied vacation and sick pay to which she was entitled. Those matters can be further focused—and indeed may be poised for summary judgment—with the aid of a small number of documents that should be in the employer's records.[2]

I will therefore deny the motion to dismiss the complaint so we can get to the merits without further shadowboxing over the adequacy of this *pro se* plaintiff's pleadings.

### ORDER

IT IS THEREFORE this 15th day of April, 2021

ORDERED that the motion to dismiss the complaint (DE 8) is DENIED. The parties shall, with the guidance of the Magistrate Judge, engage in focused discovery regarding the essential facts.

/s/ Kevin McNulty

_____

Kevin McNulty
United States District Judge

---

[2]     Plaintiff has made a good start by attaching to her Proposed Discovery Plan certain documents: A JFK Confirmation of Benefit Election from 2018, a Horizon Explanation of Benefits form, a Certificate of Group Health Plan Coverage, a second Horizon Explanation of Benefits form denying coverage, and payroll Statements of Earnings and Deductions. (DE 10)